IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RICO L. PEEBLES, )
 )
    Plaintiff, )
 )
v. ) No. 3:15-cv-00504
 )
WILLIAMSON COUNTY JUSTICE CENTER, et al., ) Judge Campbell
 )
    Defendants. )

**MEMORANDUM**

Plaintiff Rico Peebles, an inmate or detainee of the Williamson County Justice Center in Franklin, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Justice Center, the county Sheriff Jeff Long and Justice Center employee Victoria Dawson. The complaint (Docket Entry No. 1) is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.    Standard of Review**

Under the PLRA, the court must conduct an initial review of any civil complaint filed in forma pauperis, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in pro se suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

## II.     Factual Allegations

Plaintiff alleges that while he was working in the jail laundry in January of this year, a fellow inmate called him a "lazy son of a bitch," accused him of being a snitch, and twice called him a "nigger" because Plaintiff refused to assist the other inmate with a chore. Plaintiff acknowledges that he threatened the other inmate that his language would get him "fucked up." Plaintiff alleges that the other inmate tried to provoke him, but that Plaintiff found and informed a Corporal Beavins and Sergeant Roberts about what was happening. Beavins "gave [Plaintiff] a 24 hour cool down," but Plaintiff "got out and lost [his] job for doing the right thing." Plaintiff claims that these facts constitute discrimination under Title VI and demands unspecified compensation.

## III.    Discussion

Plaintiff brings suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws.

*Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

In this case Plaintiff has not alleged any personal involvement by Sheriff Long or Defendant Dawson sufficient to satisfy that standard. Supervisors cannot be held liable under Section 1983 for acts or inactions of employees absent allegations that the supervisor acquiesced, participated or condoned the employees' wrongful acts. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n. 3 (6th Cir. 2005) ("[P]roof of personal involvement is required for a supervisor to incur personal liability"). Plaintiff does not allege any facts that would establish that either named defendant is personally involved in or even aware of and disregarding any of the issues about which Plaintiff complains. Aside from naming them as defendants to his action, Plaintiff does not even mention either Long or Dawson anywhere in his complaint. Accordingly, the complaint fails to state a claim against Defendants Long or Dawson for which relief can be granted.

The only other defendant to this action is the Williamson County Justice Center itself. But it is well established that a jail is not a "person" subject to suit under § 1983. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (county jail is a department of the county and not a legal entity susceptible to suit); *Travis v. Clinton Cnty. Jail*, No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb. 4, 2011) ("The jail is a building, not an entity capable of being sued in its own right."). Because Plaintiff has not claimed that the alleged violations at the jail are carried out under the authority of an unconstitutional policy or custom adopted by the county, he would not state a claim against Williamson County even if he named the county as a defendant in lieu of the jail. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("The County may be held liable for [Plaintiff's] injuries only if those injuries were the result of an unconstitutional policy or custom of the County."). Plaintiff's suit, therefore, fails to state a claim under § 1983 against any of the named defendants.

Even if Plaintiff had alleged personal involvement by the individual Defendants or had named other involved individuals as defendants in this case, he would still fail to state a claim upon which relief can be granted. Prison inmates working at prison jobs are not "employees" authorized to bring suit under Title VII.

*Iheme v. Smith*, 529 F. App'x 808, 809 (8th Cir. 2013) (citing *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir.1991)). Even if Plaintiff were a covered employee under Title VII, he does not allege that he filed a timely claim with the EEOC and received a notice of right to sue, and thus has not fulfilled the prerequisites for filing a Title VII claim. *Overholt v. Unibase Data Entry, Inc.*, 221 F.3d 1335 (6th Cir. 2000) (affirming dismissal of inmate's Title VII claim after noting that "[i]t is unclear whether prisoners are protected under Title VII").

Nor does Plaintiff state a claim for a constitutional violation under § 1983. Derogatory comments by a fellow inmate do not amount to a violation of Plaintiff's constitutional rights by jail officials. Allegations of mere harassment and verbal abuse are insufficient to state a civil rights claim under § 1983. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir.2004) (citing *Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir.1987)). And Plaintiff does not allege that he is at substantial risk of serious physical harm from his fellow inmate, and that the defendants are aware of and disregarding such risk, as necessary to state a claim for deliberate indifference to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).

Although Plaintiff does not expressly allege in his complaint that he has suffered retaliation, he does say that he "lost [his] job for doing the right thing." An inmate states a claim for retaliation when he establishes that: (1) the plaintiff engaged in constitutionally protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Case law in this circuit suggests that it is arguable that the loss of a prison job is sufficiently adverse to satisfy the second prong of this test. *See Brown v. Johnson*, No. 2:10-CV-965, 2012 WL 32711, at *4 (S.D. Ohio Jan. 6, 2012), report and recommendation adopted, No. 2:10-CV-965, 2012 WL 3237198 (S.D. Ohio Aug. 7, 2012) (collecting cases and denying motion to dismiss where inmate alleged he was removed from his job in retaliation for protected activity). But because Plaintiff does not explain what he means by "doing the right thing" the Court cannot find on the basis of this complaint that he alleges that his removal from his job was motivated by constitutionally protected conduct. Moreover, Plaintiff does not state that either of the defendants had any involvement in the loss of his job. Accordingly, the facts pleaded, even construed liberally in Plaintiff's favor, do not state a claim for retaliation against these defendants.

**IV.    CONCLUSION**

For the reasons set forth herein, this action will be DISMISSED without prejudice to Plaintiff's ability to file a complaint satisfying the requirements of § 1983.  *See Brown v. Matauszak*, 415 F. App'x 608, 615-15 (6th Cir. 2011) ("[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.  Particularly where deficiencies in a complaint are attributable to oversights likely the result of an untutored *pro se* litigant's ignorance of special pleading requirements, dismissal of the complaint without prejudice is preferable." (internal quotation marks and citations omitted)).  An appropriate Order is filed herewith.

_____
Todd Campbell
United States District Judge